IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DWALYN STEDMAN,

    Plaintiff,

       v.

AIR TRAN AIRWAYS, INC.,

    Defendant.

CIVIL ACTION FILE
NO. 1:05-CV-2317-TWT

## ORDER

This is an employment discrimination action.  It is before the Court on the Defendant AirTran Airways, Inc.'s Motion for Summary Judgment [Doc. 31].  For the reasons set forth below, the Defendant's motion is GRANTED.

## I. BACKGROUND

The Plaintiff, Dwalyn Stedman, was employed by Defendant AirTran Airways, Inc. as a Field Service Technician.  On the morning of November 8, 2004, the Plaintiff sent an email to his supervisor, Tony O'Neal, alerting him that the Plaintiff had been summoned for jury duty the following day and would be unavailable for work.  The Plaintiff further advised O'Neal that he would be leaving a copy of the summons under O'Neal's office door.  Upon review of the summons later that day, O'Neal found that it was addressed to "juror no. 0184," rather than specifically to the Plaintiff

by name.  The summons further advised that the Plaintiff should call after 5:30 p.m. on the evening before his service date to confirm that his appearance was necessary. The Plaintiff did not do so.

The following morning, the Plaintiff arrived at the DeKalb County Courthouse at approximately 8:00 a.m.  He was promptly informed that he had reported in error and was dismissed.  He testified that he left the courthouse at approximately 8:40 a.m. and returned home.  (Stedman Dep. at 78.)  He did not attempt to contact his supervisor to determine whether he should report to work.  (Id.)  The next day, November 10, 2004, O'Neal contacted the Plaintiff by email and requested further documentation of his jury duty, as the summons the Plaintiff had provided did not have his name on it.  The Plaintiff responded by telling O'Neal that he would "give you what I got sir yes sir."  (O'Neal Aff., ¶ 8.)

On November 11, 2004, O'Neal verbally requested more complete documentation from the Plaintiff identifying him as a potential juror.  The Plaintiff responded in an uncooperative manner and questioned why O'Neal needed more information.  (Id., ¶ 9.)  During this conversation, the Plaintiff also led his supervisor to believe that he had spent the majority of November 9, 2004, at the DeKalb County Courthouse going through the jury selection process and was dismissed later in the day. (Id.)

Following this request from O'Neal, the Plaintiff went to the DeKalb County Courthouse and requested additional documentation to support his absence on November 9, 2004. The Plaintiff received correspondence reiterating that he had been summoned for jury service that day, but was not scheduled to appear and that this had been done in error. This correspondence also noted that the Plaintiff would not receive compensation for his appearance. After receiving a third request from O'Neal for more complete documentation on November 15, 2004, the Plaintiff submitted this correspondence to his supervisor and told O'Neal that this was all the documentation that the court would provide him.

After reviewing this information, O'Neal requested that the Plaintiff provide him with a contact number for the court. The Plaintiff responded by asking, "what is up with the harassment?" (Id., ¶ 11.) When the Plaintiff subsequently provided the court's number, O'Neal telephoned the court and learned that the Plaintiff was immediately dismissed when he checked in at 8:00 a.m. and had not gone through any part of the jury selection process.

O'Neal then suspended the Plaintiff and sought approval for his termination based on the following circumstances:

> (1) The Company's jury leave policy required employees to submit court documentation evidencing jury service for an absence to be excused under the policy; (2) O'Neal had to ask Plaintiff three times for more complete documentation which specifically identified Plaintiff as a

potential juror; (3) Plaintiff was disrespectful, hostile and combative in response to O'Neal's legitimate and reasonable requests for more complete documentation; (4) During his conversation with Plaintiff, Plaintiff misled O'Neal into believing that Plaintiff had participated in the jury selection process on November 9, 2004, but was not dismissed until later in the afternoon; (5) O'Neal learned from the court that Plaintiff was dismissed at approximately 8:15 a.m. on November 9, 2004, but Plaintiff failed to contact O'Neal or return to work on November 9, 2004.

(Def.'s Statement of Mat. Facts, ¶ 33.)  Additionally, on November 17, 2004, when O'Neal met the Plaintiff as he was disembarking a plane at the Atlanta airport and advised him that he had been suspended, the Plaintiff responded by yelling at O'Neal and calling him a "mother fucker."  (O'Neal Aff., ¶ 13.)  Based upon these circumstances, the Defendant's Human Resources Department approved O'Neal's request for the Plaintiff's termination.  On August 3, 2005, the Plaintiff filed this lawsuit alleging that he was unlawfully discharged in violation of O.C.G.A. § 34-1-3. The Defendant has moved for summary judgment on this claim.

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c). The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59

(1970).  The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).  The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

## III. DISCUSSION

The Plaintiff alleges that he was unlawfully terminated in violation of O.C.G.A. § 34-1-13 for attending jury duty on November 9, 2004.  The statute states in relevant part:

> It shall be unlawful for any employer or the agent of such employer to discharge, discipline, or otherwise penalize an employee because the employee is absent from his or her employment for the purpose of attending a judicial proceeding in response to a subpoena, summons for jury duty, or other court order or process which requires the attendance of the employee at the judicial proceeding.

O.C.G.A. § 34-1-3 (a).  The statute was applied in Glover v. Scott, 210 Ga. App. 25 (1993) where an employee for the National Uniform Service was fired following a two hour absence from work during which she attended her son's juvenile court proceeding.  The Georgia Court of Appeals found that because she was the parent, she was required to attend this court proceeding and her termination was thus wrongful under the Georgia statute.  Id. at 26.

The facts in this instance, by contrast, clearly indicate that the Plaintiff has no remedy under O.C.G.A. § 34-1-3.   The AirTran Crewmembers handbook lists "Dishonesty" as prohibited conduct.  (Def.'s Mot. for Summ. J., Ex. 11, at 148.)  The handbook further states that "[s]ome conduct violations, even if committed for the first time, are so serious that standing alone they will justify immediate termination." (Id.) The record shows that the Plaintiff's employment was terminated because he failed to provide required court documentation evidencing jury service, and misled his supervisor into believing that he had participated in the jury selection process on November 9, 2004, and had not been dismissed until the late afternoon.  (Def.'s Mot. for Summ. J., Ex. C.)  He was then hostile and insubordinate.  It is clear from this record that the Plaintiff's firing had nothing to do with his summons for jury service and everything to do with his own behavior following his receipt of that summons. As no jury issue remains, the Court finds that the Defendant's motion is warranted.

IV. <u>CONCLUSION</u>

For the reasons set forth above, the Defendant's Motion for Summary Judgment

[Doc. 31] is GRANTED.

SO ORDERED, this 30 day of August, 2006.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge